980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Eule FORD, Appellant,
v.
Alvin J. WILSON; City of Pagedale, Missouri, Appellees.
 No. 92-2086.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 11, 1992.
Filed: November 18, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Eule Ford, a former police officer with the City of Pagedale, Missouri, submitted to drug urinalysis testing after the City's police chief, Alvin J. Wilson, delivered Mayor Leatrice Dowd's order to take the test. All test results on the sample were negative. Ford then brought this civil rights lawsuit against the City, Wilson, and Dowd contending the test was an unreasonable search in violation of the Fourth Amendment. Dowd was dismissed from the lawsuit following her death. Ford moved for summary judgment asserting that, as a matter of law, he did not voluntarily consent to the test. The district court denied Ford's motion, but granted summary judgment to the City and Wilson, holding Ford was reasonably ordered to submit to the drug test. Ford appealed the grant of summary judgment and we reversed, concluding more facts needed to be developed to decide whether the order was based on a reasonable suspicion that Ford used drugs. Ford v. Dowd, 931 F.2d 1286, 1292-94 (8th Cir. 1991). After a trial, a jury found that although there was no reasonable suspicion for the search, Ford voluntarily consented. Thus, the jury awarded Ford no damages. Ford appeals again, and we affirm.
 
 
 2
 Ford asserts his consent was involuntary and coerced as a matter of law because the mayor's order stated his failure to take the test would result in "serious disciplinary action." Thus, according to Ford, the district court committed error in submitting the consent issue to the jury. We disagree.
 
 
 3
 In our earlier opinion, we left the consent issue "open to the district court's consideration as the facts are further developed [on] remand." Id. at 1294. We observed that a consensual search does not violate the Fourth Amendment if the consent is voluntarily given without coercion. Id.; United States v. Cortez, 935 F.2d 135, 142 (8th Cir. 1991), cert. denied, 112 S. Ct. 945 (1992). We also noted that the voluntariness of consent is a question of fact that is determined from the totality of the circumstances. Ford, 931 F.2d at 1294; Cortez, 935 F.2d at 142. We stated the district court should keep these principles in mind on remand when deciding whether the evidence raised a genuine issue of fact about the voluntariness of Ford's consent. 931 F.2d at 1294.
 
 
 4
 Although consent that is the product of official intimidation or harassment is not voluntary, Florida v. Bostick, 111 S. Ct. 2382, 2388 (1991), there was a genuine issue of fact about the voluntariness of Ford's consent. As our earlier opinion explains, the mayor apparently disliked Ford and tried to discipline him and fire him several times for his refusals to honor her questionable demands. See 931 F.2d at 1287-88. The mayor's attempts failed, however, because the City's board of alderpersons, which had final authority over the City's police department, had overturned the mayor's actions. See id. at 1288. Here, the mayor's written order for the drug test informed Ford that he could appeal to the City's board of alderpersons before the test. Nevertheless, Ford did not appeal to the board. Given Ford's earlier favorable experiences with the board, we cannot say that, as a matter of law, his consent was the product of official intimidation or harassment. We thus conclude there was a material question of fact about the voluntariness of Ford's consent, requiring the question's submission to the jury.
 
 
 5
 Ford also contends the evidence was insufficient to support the jury's finding that he voluntary consented to the test. According to trial testimony, Ford took the test to prove his innocence of rumors about his involvement in drug activity. At the testing office, Ford signed a form stating his consent was voluntary. Reviewing the record in the light most favorable to the City and Wilson, we conclude a reasonable jury could find Ford's consent was voluntary.
 
 
 6
 Ford last contends the district court committed error in granting Wilson's motion for qualified immunity. Having decided substantial evidence supports the verdict in Wilson's favor, we need not reach this contention.
 
 
 7
 Accordingly, we affirm.